IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ROLAND JEVON HOPKINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:16CV986 |
| | ) | 1:06CR439-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner in this action submitted a Motion [Doc. #179] and Amended Motion [Doc. #180] to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. For the reasons set out below, the Court concludes that the Motion and Amended Motion should be dismissed pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, which states:

> If it plainly appears from the face of the motion . . . that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

In this case, Petitioner lists the same ground for relief in both his Motion and Amended Motion. He contends that his sentence is no longer valid following Johnson v. United States, 576 U.S. ____, 135 S. Ct. 2551 (2015). Specifically, Petitioner challenges the application of the career offender enhancement under United States Sentencing Guideline § 4B1.1. Petitioner appears to argue that his prior convictions no longer count as valid predicates supporting the career offender enhancement because they are not "crimes of violence" for purposes of that enhancement following Johnson.

Petitioner's contention fails on its face. The Court previously stayed this matter pending the decision in Beckles v. United States, ___ U.S. ___, 137 S. Ct. 886 (2017). The United States Supreme Court subsequently issued a decision in Beckles and held that the advisory United States Sentencing Guidelines, and specifically the career offender guidelines, are not subject to the type of vagueness challenge under the Due Process Clause that prevailed in Johnson with respect to the Armed Career Criminal Act, 18 U.S.C. § 924(e). Id. at 895. Thus, like the petitioner in Beckles, Petitioner cannot seek relief from his career offender sentence based on Johnson.

In light of the issuance of the decision in Beckles, the Court will lift the prior stay in this case and, based on Beckles, the Court will find that Petitioner states no claim for relief and his Motion should be dismissed. In light of this recommended dismissal pursuant to Rule 4(b), Rules Governing Section 2255 Proceedings, the United States need not respond. The Clerk will notify Petitioner of this Recommendation, his right to file objections, and any ultimate dismissal and entry of judgment. To the extent Petitioner filed a Motion for Status Update [Doc. #182], that request is now moot.

IT IS THEREFORE ORDERED that the prior stay in this case is lifted, and the Motion for Status Update [Doc. #182] is moot.

IT IS RECOMMENDED that Petitioner's Motion [Doc. #179] and Amended Motion [Doc. #180] to vacate, set aside or correct sentence be denied and that judgment be entered dismissing the action.

This, the 26th day of June, 2017.

        /s/ Joi Elizabeth Peake
       United States Magistrate Judge